IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| **JAMES TOSONE,** | |
| *Plaintiff,* | CIVIL ACTION NO.: |
| vs. | |
| **TAHESHA WAY, in her official capacity as Secretary of State of New Jersey,** | |
| *Defendant.* | |

Paul S. Grosswald
98 W. End Avenue
Summit, New Jersey 07901-1222
Telephone: 917-753-7007

*Attorney for Plaintiff*

# COMPLAINT

## Introduction

1. Plaintiff James Tosone, who resides at 690 Kennedy Dr., Township of Washington, NJ 07676, brings this action against Tahesha Way in her official capacity as New Jersey's Secretary of State, located at 125 W State St, Trenton, NJ 08608.

2. The New Jersey Secretary of State excludes New Jersey citizens from being placed on the ballot for elected office if they are unable to swear a religious oath. The Secretary of State's official policy, as implemented through the Division of Elections, is to hinder candidates for public office who are unable to swear "so help me God." This

policy violates the rights of the Plaintiff and others under Article VI and the First and Fourteenth Amendments to the United States Constitution.

3. States, including New Jersey, routinely allow attorneys, jurors, witnesses, and many others who must take an oath to make a secular affirmation instead when they are unable to swear "so help me God" as a matter of conscience.

4. The New Jersey Secretary of State is violating basic First Amendment freedoms by unconstitutionally compelling New Jersey citizens who want to run for public office to swear "so help me God" in violation of their conscience—or else forgo their constitutional right as citizens to seek public office.

5. The Plaintiff seeks to ensure that the Secretary of State provides a candidate petition that allows citizens who are unable to swear "so help me God" to be listed on the ballot for public office.

**Jurisdiction and Venue**

6. This action arises under Article VI and the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

7. This Court has jurisdiction under Article III of the United States Constitution, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3).

8. The Court is authorized to award declaratory relief under 28 U.S.C. §§ 2201 and 2202.

9. The Court further has the authority to award injunctive relief under 28 U.S.C. § 1343.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to Plaintiff's claims occurred in the district, and the offices of the Secretary of State and the Division of Elections are located in Trenton, New Jersey.

**Parties**

11. Plaintiff James Tosone is a resident of Bergen County, New Jersey. Mr. Tosone seeks to run for public office in future elections in New Jersey.

12. Defendant Tahesha Way is the Secretary of State of New Jersey and is sued in her official capacity. The Secretary of State is the State's chief election officer. N.J. Stat. Ann. § 52:16A-98(1)(b).

**Facts**

13. Running for public office in New Jersey is a right guaranteed to citizens who meet constitutional and statutory requirements. *See* N.J. Const. art. IV, § 1. para. 2; N.J. Stat. Ann. §§ 19:13-5, 19:23.

14. The Plaintiff meets the constitutional and statutory requirements to run for public office in New Jersey, but his right to run for public office is impaired by the Oath of Allegiance that the Secretary of State requires candidates to sign.

*Required Religious Oath with No Secular Alternative*

15. Mr. Tosone has run for public office in New Jersey several times. He ran for New Jersey Senate in the 2017 and 2021 elections, and he ran for the U.S. House of Representatives in the 2018 election.

16. Mr. Tosone would like to run for public office in New Jersey again in the future if he can do so without violating his conscience; in that case he is seriously considering running for the U.S. House of Representatives in the November 2024 general election as a Libertarian.

17. Since 2022, Mr. Tosone has sought to run for public office in New Jersey and has been unable to do so because of the policies of the Secretary of State. Due to his sincerely held beliefs, Mr. Tosone has been unwilling to sign the New Jersey Oath of Allegiance.

18. After continually encountering a religious test for public office under the unconstitutional policies of the Secretary of State, Mr. Tosone has come to the point where he requires judicial relief to prevent the Secretary of State from requiring him to sign an oath that is untrue to Mr. Tosone's convictions.

19. Mr. Tosone is a nontheist. While Mr. Tosone previously completed the candidate petition in order to participate in past elections, he now sincerely believes, as a matter of conscience, that he cannot swear "so help me God."

20. Candidates for public office must complete the candidate petition, which requires candidates to sign the New Jersey Oath of Allegiance.

21. The New Jersey Oath of Allegiance, pursuant to N.J. Stat. Ann. § 41:1-1, states "I,____, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of New Jersey, and that I will bear true faith and allegiance to the same and to the Governments established in the United States and in this State, under the authority of the people so help me God."

22. N.J. Stat. Ann. § 41:1-1 suggests parenthetically that an affirmation is allowed in place of an oath. While an oath is a declaration or pledge to a god, an affirmation is a

solemn vow without reference to a religious deity. Requiring a reference to "God" is contrary to parenthetically suggesting an affirmation is allowed. *See e.g.* C.F.R. § 92.18.

23. In late 2021, looking ahead to the 2022 elections, Mr. Tosone contacted the Division of Elections by phone and requested that he be allowed to strike out "so help me God" from the oath in order to complete the candidate petition. The Division of Elections responded that the Oath of Allegiance is dictated by statute and that a version of the Oath without "so help me God" would not be accepted.

24. On November 12, 2021, Mr. Tosone received the following email from a representative of the Division of Elections:



**Crum, Janet [DOS]**
Oath of Allegiance Document
To:

November 12, 2021 at 12:45 PM

Hello, Mr. Tosone,

I sent your inquiry to my manager who provided the following response for you:

As per N.J.S.A. 41:1-1 the words "so help me god" are indicated in the statute and are to be used. If you want to reach out to your legislatures to see if they would be willing to introduce a bill that would change this otherwise, we must follow what the statute governs. Below is the state statute.

**41:1-1 . Oath of allegiance; form**

Every person who is or shall be required by law to give assurance of fidelity and attachment to the Government of this State shall take the following oath of allegiance:

"I,   , do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of New Jersey, and that I will bear true faith and allegiance to the same and to the Governments established in the United States and in this State, under the authority of the people  So help me God."

Amended by L.1949, c. 21, p. 67, s. 1, eff. April 12, 1949; L.1971, c. 217, s. 6.

Janet Crum
NJ Division of Elections
609-789-0192

25. In early 2022, Mr. Tosone accessed the candidate petition from the Division of Elections' website ahead of the 2022 filing deadlines. The Division of Elections makes candidate petitions available on its website. *See Candidate Information: Candidate Petitions*, State of New Jersey (June 12, 2023), https://nj.gov/state/elections/candidate-information.shtml.

26. The 2022 candidate petition promulgated by the Division of Elections contained the same requirement that candidates sign the Oath of Allegiance.

27. The Division of Elections, and thus the Secretary of State, continues to distribute candidate petitions that require citizens to swear "so help me God" in order to run for public office.

28. It is the official position of the Secretary of State that citizens are ineligible to run for public office without swearing an oath that concludes "so help me God."

29. On information and belief, future candidate petitions will continue to contain the requirement that candidates sign the Oath of Allegiance.

30. The Freedom From Religion Foundation ("FFRF") sent a letter regarding the religious oath required by the candidate petition to the New Jersey Attorney General on May 5, 2022. FFRF is a national nonprofit organization representing 40,000 freethinkers (atheists, agnostics and other dissenters from religion), including almost 800 current members in New Jersey, that works to protect the separation between state and church, and to educate the public on matters relating to nontheism. Exhibit A is a true and correct copy of the letter FFRF sent to the Attorney General.

31. The FFRF letter asserted that the religious oath requirement violated the First Amendment. The FFRF letter said in part:

Article 6 of the United States Constitution prohibits the government from requiring any kind of religious test for public office. In the bedrock case examining a requirement for an oath for public office, the U.S. Supreme Court held that "neither a State nor the Federal Government can constitutionally force a person "to profess a belief or disbelief in any religion." *Torcaso v. Watkins*, 367 U.S. 488, 495 (1961). In that case, Torcaso refused to take an oath declaring the existence of a god as required by law and his appointment as notary public was revoked. *Id*. The U.S. Supreme Court held that this requirement was a violation of both the First and Fourteenth Amendments of the Constitution. *Id*. Likewise, requiring someone who is running for elected office in New Jersey to profess to a god in which they do not believe would make a mockery out of the oath and the solemn promise to support the Constitution.

In addition, the New Jersey Constitution mirrors the federal Constitution by prohibiting a religious test "as a qualification for any office or public trust." N.J. Const. Art. I, para. 4. The oath for state legislators is defined and does not reference any god. Art. IV, sec. VIII, para. 1. This section also specifically states that an oath *or* affirmation is allowed. The state constitution also allows for an oath or affirmation for public officers and employees. Art. VII, sec. I, para. 1.

32. The FFRF letter further urged the Attorney General to provide a candidate petition allowing candidates to sign a secular alternative to the Oath.

33. As of September 27, 2023, FFRF has not received a response from the Office of the Attorney General.

34. On March 23, 2023, FFRF sent an additional letter to the New Jersey Secretary of State containing the same arguments presented in the letter to the Attorney General and once again urging that the candidate petition be modified to allow a secular affirmation. Exhibit B is a true and correct copy of the FFRF letter to the Secretary of State.

35. As of September 27, 2023, FFRF has not received a response from the Secretary of State.

36. On May 2, 2023 FFRF also sent an additional letter to the New Jersey Division of Elections asking the Division to confirm the Division's policy on requiring candidates for public office to sign a religious oath to be placed on the ballot. The original May 5, 2022

letter to the New Jersey Attorney General was enclosed. Exhibit C is a true and correct copy of the FFRF letter to the Division of Elections.

37. As of September 27, 2023, FFRF has not received a response from the Division of Elections.

38. The Secretary of State, through the Division of Elections, has the authority as the State's chief election officer to create and amend candidate petitions, pursuant to N.J. Stat. Ann. § 52:16A-98(1)(b).

39. Following complaints from Mr. Tosone and FFRF, the Secretary of State has failed to create a candidate petition that includes an affirmation option that does not contain the "so help me God" language.

40. The Secretary of State has willfully excluded nontheist citizens from running for public office by failing to address Mr. Tosone's and FFRF's complaints about the required "so help me God" oath.

41. The Secretary of State has failed to provide any guidance to the Division of Elections informing the Division of how citizens who wish to run for public office but who are unable to swear "so help me God" may adequately complete the candidate petition.

42. The Secretary of State and the State of New Jersey are coercing a statement of belief in a monotheistic deity by requiring nontheists or those worshiping more than one deity to swear "so help me God" in order to run for public office.

43. Mr. Tosone, as a nontheist, is not the only New Jersey citizen barred from running for public office under this policy. This policy also prevents other New Jersey citizens who have no religious affiliation from running for public office (24% of residents). *2022*

*American Values Atlas: New Jersey*, PRRI, https://ava.prri.org/#religious/2022/States/religion/m/US-NJ (last visited Sep. 27, 2023).

44. Nonreligious citizens who are similarly situated to Plaintiff are negatively impacted by the Secretary of State's failure to provide a way to complete the candidate petition without swearing "so help me God."

45. Additionally, the Secretary of State and the State of New Jersey are coercing Christians who belong to sects that eschew swearing oaths to a deity, such as some Mennonites or Quakers, to violate both their religions and their consciences in order to run for public office.

46. Religious citizens who are unable to swear "so help me God" because of their religious beliefs are negatively impacted by the Secretary of State's failure to allow them to run for public office without swearing an oath to "God."

47. The Secretary of State and the State of New Jersey have no valid reason or interest in requiring all citizens who wish to run for public office to take an oath that requires them to swear "so help me God."

48. The State of New Jersey, the Division of Elections, and the New Jersey Election Law Enforcement Commission have adequate means of ensuring the truthfulness of candidate information without requiring citizens to violate their conscience by swearing "so help me God." Indeed, the information provided by candidates in the candidate petition is objectively either correct or incorrect, regardless of any oath.

49. The State of New Jersey has created numerous other forms related to elections and election activities that do not include an oath requiring citizens to swear "so help me God."

50. For instance, the voter registration application which is created and distributed by the Division of Elections does not require registrants to swear or affirm an oath containing "so help me God." *Register to Vote*, State of New Jersey (July 11, 2023), https://nj.gov/state/elections/voter-registration.shtml (see Voter Registration Paper Application for examples).

51. Likewise, the political party affiliation declaration form which is created and distributed by the Division of Elections does not require citizens to swear or affirm an oath containing "so help me God." *Political Party Affiliation Declaration Form*, State of New Jersey  (Sep. 13, 2023), https://nj.gov/state/elections/vote-forms.shtml.

### *Duties of the Secretary of State*

52. The Secretary of State is the chief elections official in New Jersey pursuant to N.J. Stat. Ann. § 52:16A-98(1)(b).

53. The Division of Elections accepts candidate petitions on behalf of the Secretary of State. *Petition Filing Instruction Sheet for the 2023 Primary Election for N.J. General Assembly*, State of New Jersey, https://.state.nj.us/state/elections/assets/pdf/candidate/2023-primary-election-instructions-general-assembly.pdf  (last visited Sep. 27, 2023).

54. The Division of Elections is in charge of providing and promulgating the candidate petition form each year, which is distributed via the Division's website. See *Candidate Information*, State of New Jersey (June 12, 2023), https://.state.nj.us/state/elections/candidate-information.shtml.

### **Claims**

55. The United States Supreme Court has held as a settled First Amendment principle that "neither a State nor the Federal Government can constitutionally force a person 'to profess a belief or disbelief in any religion.'" *Torcaso v. Watkins*, 367 U.S. 488, 495 (1961). In addition, the Court wrote, "[n]either [a state nor the Federal Government] can constitutionally pass laws or impose requirements which aid all religions as against non-believers, and neither can aid those religions based on a belief in the existence of God as against those religions founded on different beliefs." *Id.*

56. The Supreme Court has also recognized that, "[i]f there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." *W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943). The Court has reiterated that "the First Amendment does not tolerate" the state forcing someone to "'utter what is not in [her] mind' about a question of political and religious significance." *303 Creative LLC v. Elenis,* 143 S. Ct. 2298, 2318 (2023), *citing Barnette,* 319 U.S. at 634.

57. By refusing to provide a way for candidates to complete the candidate petition without swearing "so help me God," the Division of Elections, and thus the Secretary of State, is violating the rights of individuals, such as Mr. Tosone, who cannot swear "so help me God" without violating his sincerely held beliefs.

58. Further, New Jersey's policy, custom, and practice of requiring citizens running for public office to swear "so help me God," without an alternative option, bars a growing portion of the population from seeking public office without being forced to violate their conscience and swear an oath to a god that they do not believe in. Nearly thirty percent of

the American population is nonreligious. Gregory A. Smith, *About Three-in-Ten U.S. Adults Are Now Religiously Unaffiliated*, Pew Research Center (Dec. 14, 2021), www.pewforum.org/2021/12/14/about-three-in-ten-u-s-adults-are-now-religiously-unaffiliated/. At least a third of Generation Z (those born after 1996) have no religion, with a recent survey revealing almost half of Gen Z qualify as "nones" (religiously unaffiliated). Samuel J. Abrams, *Perspective: Why even secular people should worry about Gen Z's lack of faith*, Deseret News (Mar. 4, 2023), www.deseret.com/2023/3/4/23617175/gen-z-faith-religious-nones-civic-life-voluntees-charity; 2022 Cooperative Election Study of 60,000 respondents, analyzed by Ryan P. Burge, Religion in Public (Apr. 3, 2023), https://religioninpublic.blog/2023/04/03/gen-z-and-religion-in-2022/.

### First Claim for Relief:
### *Violation of Article VI of the United States Constitution*

59. The preceding factual allegations above are incorporated as if fully set forth herein.

60. Article VI of the United States Constitution provides that "[N]o religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." This provision applies fully to state governments, including New Jersey, through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

61. New Jersey's policy, custom, and practice of requiring citizens running for public office to swear "so help me God," without an alternative option, violates the United States Constitution's prohibition against religious tests for public office by forcing citizens to state a belief in a god in order to run for public office.

***Second Claim for Relief:***
***Violation of the Free Speech Clause of the First Amendment to the United States Constitution***

62. The preceding factual allegations above are incorporated as if fully set forth herein.

63. The Free Speech Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech." This provision applies fully to state governments, including New Jersey, through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

64. The Free Speech Clause prohibits the government from conditioning eligibility for public office on the basis of a person's agreement with a particular religious statement.

65. The Free Speech Clause prohibits the government from compelling a candidate for public office to make a religious statement in violation of that candidate's conscience.

66. The State's policy, custom, and practice of requiring citizens to swear "so help me God" in order to run for public office, without a secular option, violates the Free Speech Clause because it (a) prohibits nontheists, including Mr. Tosone, from being placed on the ballot on the basis of their inability to express a particular religious viewpoint, and/or (b) compels nontheists, including Mr. Tosone, to engage in a particular religious expression against their personal convictions.

***Third Claim for Relief:***
***Violation of the Establishment Clause of the First Amendment to the United States Constitution***

67. The preceding factual allegations above are incorporated as if fully set forth herein.

68. The Establishment Clause of the First Amendment to the United States Constitution prohibits laws "respecting an establishment of religion." This provision applies fully to state governments, including New Jersey, through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

69. New Jersey's policy, custom, and practice of requiring citizens running for public office to swear "so help me God," without an alternative option, violates the Establishment Clause for a number of reasons, including those stated below.

70. New Jersey's policy, custom, and practice has the purpose and effect of favoring and coercively supporting theistic beliefs and individuals, while disfavoring, disadvantaging, and discriminating against nontheistic beliefs and individuals, including the Plaintiff.

71. In addition, New Jersey's policy, custom, and practice of requiring citizens to swear "so help me God" in order to run for public office violates the Establishment Clause because it coerces a statement of belief in a monotheistic god.

### Fourth Claim for Relief:
### Violation of the Free Exercise Clause of the First Amendment to the United States Constitution

72. The preceding factual allegations above are incorporated as if fully set forth herein.

73. The Free Exercise Clause of the First Amendment to the United States. Constitution provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." This provision applies fully to state governments, including New Jersey,

through the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

74. The Free Exercise Clause prohibits the government from conditioning running for public office on the basis of adopting or professing a religious belief.

75. The State's policy, custom, and practice of disallowing nontheists to run for public office violates the Free Exercise Clause by requiring nontheists, including Plaintiff, to adopt or profess religious beliefs to which they do not subscribe as a condition for being placed on the ballot for public office.

**Requests for Relief**

76. The preceding factual allegations above are incorporated as if fully set forth herein.

77. By violating Article VI of the United States Constitution, as well as the Free Speech, Establishment, and Free Exercise Clauses of the United States Constitution as described above, the Secretary of State has harmed Plaintiff, is continuing to harm him, and threatens future harm against him.

78. By violating Article VI of the United States Constitution, as well as the Establishment, Free Exercise, and Free Speech Clauses of the United States Constitution as described above, the Secretary of State has, acting under color of statutes, regulations, policies, custom, or usage, deprived or threatened to deprive Plaintiff of rights secured by the First and Fourteenth Amendments to the United States Constitution, entitling him to a remedy under 42 U.S.C. § 1983.

79. In addition or, in the alternative, by virtue of the State's violations of Article VI of the United States Constitution, as well as the Free Speech, Establishment, and Free Exercise Clauses, the Plaintiff is entitled to a remedy directly under the United States Constitution.

80. Plaintiff accordingly requests the relief specified below.

*Injunction*

81. The Plaintiff has no adequate remedy at law.

82. By requiring Plaintiff to swear "so help me God" in order to run for public office, without a secular option, the Secretary of State has inflicted, and will continue to inflict, irreparable harm upon the Plaintiff.

83. Accordingly, Plaintiff requests a permanent injunction (a) prohibiting the Secretary of State from requiring citizens running for public office to swear "so help me God," and (b) ordering the Secretary of State to provide candidate petition forms that permit the Plaintiff to run for public office without swearing "so help me God."

*Declaratory Judgment*

84. An actual controversy exists between the parties as to whether the Secretary of State has violated and continues to violate the United States Constitution by requiring citizens to use a candidate petition that mandates that they swear "so help me God."

85. Accordingly, Plaintiff requests a declaratory judgment that the Secretary of State has violated, and is continuing to violate, the United States Constitution by promulgating candidate petition forms that require all candidates to swear "so help me God" without the option of a secular affirmation.

*Attorneys' Fees and Costs*

86. Plaintiff requests an order awarding him the costs of this action, including reasonable attorneys' fees and expenses, under 42 U.S.C. § 1988.

### *Other Relief*

87. The Plaintiff requests any other relief that the Court deems just and proper.

Respectfully Submitted,

Date: <u>October 3, 2023</u>

*/s/ Paul S. Grosswald*
Paul S. Grosswald
98 W. End Avenue
Summit, New Jersey 07901-1222
Telephone: 917-753-7007
Email: pgrosswald@hotmail.com


Patrick C. Elliott*
Samantha F. Lawrence*
Freedom From Religion Foundation, Inc.
10 N. Henry St.
Madison, WI 53703
608-256-8900
patrick@ffrf.org
slawrence@ffrf.org
* Pro Hac Vice Application Forthcoming

*Attorneys for Plaintiff*