# FREEDOM FROM RELIGION *foundation*

P.O. BOX 750 · MADISON, WI 53701 · (608) 256-8900 · WWW.FFRF.ORG

May 5, 2022

EXHIBIT A

**SENT VIA U.S. MAIL AND FAX:** (609) 292-3508

The Honorable Matthew J. Platkin
Attorney General
RJ Hughes Justice Complex
25 Market Street, Box 080
Trenton, NJ 08625-0080

Re:   Unconstitutional Oath Requirement for Public Office

Dear Mr. Attorney General:

I am writing on behalf of the Freedom From Religion Foundation (FFRF). FFRF is a national nonprofit organization with more than 36,000 members, including nearly 700 members in New Jersey. Our purposes are to protect the constitutional principle of separation between state and church, and to educate the public on matters relating to nontheism.

We understand that New Jersey statutes require a religious oath to assume any state office. As required by N.J.S.A. 41: 1-2, "every person who shall be appointed or elected to any office . . . under the authority of [the] state . . . shall . . . take and subscribe the oath of allegiance prescribed by section 41:1-1 . . . ." The oath in section 41:1-1 requires the person assuming office to "solemnly swear (or affirm)" to uphold the U.S. Constitution and New Jersey Constitution. The oath ends with "So help me God."

Reportedly, an individual is required to sign this oath to qualify to be placed on the ballot for an election. When the Division of Elections was contacted regarding an alternative to the religious oath, we are informed that the division stated it did not allow for a secular affirmation because the oath was required by state statute.

Interestingly, the statute suggests parenthetically that an affirmation is allowed in place of an oath. This is an important distinction because an oath is a declaration or pledge to a god, while an affirmation is a solemn vow without reference to a religious entity.[1] Requiring a reference to "God" is contrary to parenthetically suggesting an affirmation is allowed.

First and foremost, Article 6 of the United States Constitution prohibits the government from requiring any kind of religious test for public office. In the bedrock case examining a requirement for an oath for public office, the U.S. Supreme Court held that "neither a State nor the Federal Government can constitutionally force a person "to profess a belief or disbelief in any religion." *Torcaso v. Watkins*, 367 U.S. 488, 495 (1961). In that case, Torcaso refused to take

---

[1] See, e.g., C.F.R. § 92.18.

an oath declaring the existence of a god as required by law and his appointment as notary public was revoked. *Id*. The U.S. Supreme Court held that this requirement was a violation of both the First and Fourteenth Amendments of the Constitution. *Id*. Likewise, requiring someone who is running for elected office in New Jersey to profess to a god in which they do not believe would make a mockery out of the oath and the solemn promise to support the Constitution.

In addition, the New Jersey Constitution mirrors the federal Constitution by prohibiting a religious test "as a qualification for any office or public trust." N.J. Const. Art. I, para. 4. The oath for state legislators is defined and does not reference any god. Art. IV, sec. VIII, para. 1. This section also specifically states that an oath *or* affirmation is allowed. The state constitution also allows for an oath or affirmation for public officers and employees. Art. VII, sec. I, para. 1.

FFRF successfully brought suit recently in federal court against the state of Alabama for requiring voters to sign a statement on the voter registration form that ended with "so help me God." No secular alternative was offered. The state responded to our initial communications by simply stating there were no alternatives. The case was settled and the form now includes an option to decline the last four words. Citizens cannot be forced to pose as religious to exercise a basic right. New Jersey cannot require a citizen who wants to run for political office to swear to a god to gain access to the ballot.

A secular affirmation must be offered as an option when an oath is required for a public office, including the right to run for office. By not offering this option, New Jersey is violating the U.S. Constitution and the New Jersey Constitution. Please respond in writing informing us of the process by which a candidate for office may choose a secular affirmation so we can inform our complainant.

Sincerely,

Karen M. Heineman
*Patrick O'Reiley Legal Fellow*
*Freedom From Religion Foundation*